**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS ARIOLA, Plaintiff, | : | NO. 4:25-CV-01967 |
| v. | : | (CAMONI, M.J.) |
| FRANK BISIGNANO, *Commissioner of Social Security*, Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Nicholas Ariola brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability under Title II of the Social Security Act. Transcript, doc. 9-2 at 55. He challenges the Administrative Law Judge's (ALJ) evaluation of his headaches for the residual functional capacity and step three analysis. Pl.'s Br., doc. 13 at 6. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

# I. BACKGROUND

## A. Procedural History

On April 26, 2023, Ariola applied for disability benefits under Title II of the Social Security Act, alleging onset of disability beginning January 18, 2023. Doc. 9-3 at 24. Following an initial denial, Ariola submitted an appeal, requesting a hearing before an ALJ. Doc. 9-4 at 34. The ALJ conducted the hearing and determined that Ariola was not disabled. Doc. 9-2 at 40.

Ariola filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 23. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Ariola's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is briefed (docs. 13-14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 12.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v.*

*Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Ariola "has not been under a disability, . . . from January 18, 2023, through [October 20, 2024,] the date of [the ALJ's] decision." Doc. 9-2 at 55. The ALJ determined at the RFC stage that Ariola has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) with the following limitations. The claimant should avoid unprotected heights and industrial machinery. The claimant should avoid climbing ladders and scaffolds. The claimant is limited to occasional climbing of ramps and stairs. The claimant should avoid overhead reaching with his bilateral upper extremities. The claimant is limited to frequent use of his bilateral hands for fingering and feeling. The claimant is limited to occasional exposure to extreme cold temperatures, wetness, and vibration. The claimant should avoid occupations that would expose him to noise above level 3 noise intensity level. The claimant is able to understand, retain, and carry out simple instructions with occasional workplace changes. The claimant is limited to occasional decision-making with respect to work-related activities. The claimant should avoid interaction with public, except for incidental contact. The claimant is limited to frequent interaction with co-workers and supervisors.

*Id.* at 46. The ALJ denied Ariola's disability claim at step five, after considering his "age, education, work experience, and residual functional

capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 54.

On appeal, Ariola argues that the ALJ erred by: (1) failing to properly evaluate his migraine headaches; and (2) failing to consider if his migraine headaches equal listing 11.02. Doc. 13 at 6. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a

large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the

ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Ariola is disabled, but whether the Commissioner's finding that Ariola is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Ariola argues that the ALJ erred by: (1) failing to properly evaluate his migraine headaches; and (2) failing to consider if his migraine headaches equal listing 11.02. Doc. 13 at 6. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ's evaluation of Ariola's headaches was supported by substantial evidence.

Ariola first argues that the ALJ failed to properly evaluate his headaches. *Id.* Specifically, he contends that the ALJ mischaracterized the evidence in the medical record to minimize the seriousness of Ariola's headaches which resulted in "an RFC that does not include limitations" from headaches. *Id.* at 10, 14.

"The record before the ALJ is the touchstone for determining which limitations should be included in an RFC assessment." *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 148 (3d Cir. 2007), citing *Burns v. Barnhart*, 312 F.3d 113, 131 (3d Cir. 2002). "In determining a claimant's RFC, the ALJ must consider all the evidence in the record, including the

medical and non-medical evidence, and the ALJ must explain his rejection of any pertinent evidence." *Wise v. Comm'r of Soc. Sec.*, 626 F. App'x 357, 359 (3d Cir. 2015). "A lack of evidentiary support in the medical record is a legitimate reason for excluding claimed limitations from the RFC." *Salles*, 229 F. App'x at 148; *see also* SSR 96-8, 1996 WL 374184, at *1 ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms.").

Here, the ALJ properly assessed and explained Ariola's RFC. First, the ALJ evaluated Ariola's treatment records and found that they do not support his allegations concerning the intensity, persistence, and limiting effects of his symptoms. Doc. 9-2 at 47. Although the ALJ acknowledged that Ariola testified to suffering 25-26 debilitating headache days per month, the ALJ explained that the treatment records showed stability of his headaches, the ability to go camping, normal brain MRI findings, and normal objective physical exam findings. *Id.* at 47, 49. The ALJ did not, as Ariola contends, "discount[] the recurrence of [his] headaches simply because his headaches were stable for a one-year time

period." Doc. 13 at 13. Ariola's subjective allegation did not warrant a greater limitation, because, as explained by the ALJ, it is not supported by the medical records. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R. § 404. 1529 ("Allegations of pain and other subjective symptoms must be supported by objective medical evidence."). The ALJ, therefore, reasonably concluded that the evidence does not support a greater limitation than those set forth in the RFC.

Contrary to Ariola's argument that the ALJ failed to incorporate limitations, such as "the need for absences or for intermittent time off task" in the RFC, the ALJ was not required to incorporate limitations that find no support in the record. Doc. 13 at 14; *see Tuohy v. Comm'r of Soc. Sec.*, 127 F. App'x 62, 66 (3d Cir. 2005) (affirming ALJ's limited RFC assessment concerning migraines where the ALJ's conclusions were supported by the medical records despite a claimant's subjective complaints); *cf. Reeves v. Berryhill*, No. 3:16-CV-2510, 2017 U.S. Dist. LEXIS 126828, at *35 (M.D. Pa. Aug. 10, 2017) (remanding ALJ's limited RFC assessment concerning migraines for further explanation where medical records, showing that eight medical providers documented the chronic nature and intensity of the headaches and that the plaintiff was

diagnosed with classical and intractable migraine headaches, which did not support the ALJ's conclusions).

Here, in consideration of Ariola's headaches, the ALJ included a limitation to "occupations that would expose [Ariola] to noise above level 3 noise intensity level." Doc. 9-2 at 46. On this record, the ALJ's RFC assessment was sufficient. *See Nieves v. Bisignano*, No. 3:25-CV-00595, 2026 U.S. Dist. LEXIS 216475, at *8-9 (M.D. Pa. Sept. 23, 2026) (finding the ALJ did not need to account for "limitations stemming from migraine headaches such as absenteeism, time off task, or bright lights limitations" when the plaintiff's medical records do not warrant such limitations); *Hall v. Colvin*, No. 15-150-E, 2016 U.S. Dist. LEXIS 134794, at *9 (W.D. Pa Sept. 29, 2016) (finding that the ALJ properly explained his evaluation of the plaintiff's migraine symptoms by pointing to evidence that contradicted plaintiff's claims and even "included several limitations in the RFC relating to [plaintiff's] migraine headaches, including that she . . . have limited exposure to light and noise"). Therefore, the ALJ did not err in declining to incorporate additional limitations in the RFC to account for headaches.

Finally, Ariola challenges the ALJ's failure to present additional limitations to the VE in a hypothetical. Doc. 13 at 15. That argument fails because "[a] hypothetical question must reflect all of a claimant's impairments that are supported by the record." *Lucas v. Barnhart*, 184 F. App'x 204, 208 (3d Cir. 2006), citing *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the record does not support an RFC that reflects a need for absences or intermittent time off task (docs. 9-7 at 761, 763; 9-8 at 53), and the ALJ's hypothetical to the VE was not in error.

Accordingly, the ALJ's evaluation of Ariola's headaches was supported by substantial evidence.

**B. The ALJ did not err in his step three analysis.**

Ariola next argues that the ALJ erred by failing to address his headaches under Listing 11.02. Doc. 13 at 17. Further, Ariola contends that his headaches satisfy each of the criteria of Listing 11.02(B). *Id.*

At step three, the burden is on the claimant to establish that his impairment meets or equals a listed impairment. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). At step three, the ALJ "need not specifically mention any of the listed impairments in order to make a judicially reviewable finding, provided that the ALJ's decision clearly

analyzes and evaluates the relevant medical evidence as it relates to the Listing requirements." *Scuderi v. Comm'r of Soc. Sec.*, 302 F. App'x 88, 90 (3d Cir. 2008); *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (noting that the ALJ need not "use particular language or adhere to a particular format in conducting his analysis," at step three; rather it suffices that an "ALJ's decision, read as a whole, illustrate[] that the ALJ considered the appropriate factors in reaching the conclusion that [the plaintiff] did not meet the requirements for any listing").

Under SSR 19-4p, primary headache disorder "is not a listed impairment in the Listing of Impairments," but may "alone or in combination with another impairment(s), medically [equal] a listing." 2019 WL 4169635, at *7. For migraines, listing 11.02 "is the most closely analogous listed impairment," and a person with migraines "may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D . . . .)." *Id.* Listing 11.02, paragraphs B and D, respectively, require symptoms occurring at least once a week and once every two weeks, for at least three consecutive months despite adherence to prescribed treatment. *Id.*

Here, the ALJ did evaluate Ariola's migraines "under the neurological listings, 11.00 et. seq." Doc. 9-2 at 43-44. *See Wisniewski v. Comm'r of Soc. Sec.*, 210 F. App'x 177, 180 (3d Cir. 2006) ("[the Third Circuit has] never required an administrative law judge to identity or analyze the most relevant listing."). At step three, the ALJ reviewed Ariola's "ongoing treatment, treatment history, a description of a typical episode, and information about the claimant's response to treatment" and found there was no evidence that Ariola's migraines met any listed impairment and that the record showed his headaches were stable by March 2023. Doc. 9-2 at 43-44. Thus, the ALJ's step three analysis is sufficient. *See Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202, 204 (3d. Cir. 2008) (finding it was enough for an ALJ to make a broad conclusion that the plaintiff had no impairment meeting any limitation followed by a searching review of the medical evidence); *Jones*, 364 F.3d at 503, 505 (finding that a step three analysis sufficient where the ALJ reviewed medical evidence and concluded, "the claimant's impairments do not meet or equal the criteria established for an impairment shown in the Listings"); *Rivera v. Commissioner*, 164 F. App'x 260, 263 (3d Cir. 2006) (finding that the ALJ's conclusion that the claimant's impairment

did not meet a listing at step three, while lacking a full discussion, was harmless error because it was supported by the medical evidence).

Therefore, the ALJ did not err in his step three analysis of Ariola's headaches.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: November 2, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge